IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:19-cr-00099

WILLIE JAMES COLEMAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro-se *Motion to Modify Sentence of Imprisonment* (Document 50). The Defendant requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to health conditions that place him at high risk should he contract COVID-19. He attached proof of administrative exhaustion. The United States has not responded to his motion.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons

warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense. The Fourth Circuit recently addressed the scope of relief available under § 3582(c)(1)(A), concluding that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020).

On November 20, 2019, this Court imposed a sentence of 37 months of incarceration to be followed by six years of supervised release as a result of the Defendant's conviction for possession with intent to distribute cocaine base. The Bureau of Prisons Inmate Finder tool provides an anticipated release date of September 16, 2021. This was the Defendant's second federal felony

conviction involving possession and distribution of crack cocaine. Both offenses involved possession of a firearm.

The Defendant is a 55 year old Black man and suffers from pre-existing conditions that heighten the risk of serious illness or death should he contract COVID-19, including high blood pressure, obesity, and long-term tobacco use.[1] The Court does not take that risk lightly.[2] However, the Court finds that he has not set forth extraordinary and compelling circumstances supporting his early release, nor has he addressed any circumstances relevant to the 3553(a) factors that would support a reduced sentence.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion to Modify Sentence of Imprisonment* (Document 50) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 30, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] The Defendant's motion indicates that he has a BMI over 25, which corresponds with being overweight, rather than obese, according to the CDC's Coronavirus health information. Both a BMI between 25 and 30 and high blood pressure are included on a list of conditions that might increase the risk of severe illness. Centers for Disease Control, *COVID-19: People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated December 29, 2020, last accessed Dec. 30, 2020). Being a current or former smoker is listed as a condition that *does* increase the risk, and the risk of severe outcomes increases progressively with age. *Id.*

[2] The Court's order is not intended to express any opinion regarding any remedies related to the conditions of confinement that might be available through the BOP or a court with jurisdiction over the facility in which the Defendant is confined.